UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

NAVINE SHARMA,

                      Defendant.

Case No. MJ21-5061 TLF

DISTRICT OF OREGON
Case No. 3:09CR00213-1-HZ

DETENTION ORDER

THE COURT conducted a hearing under the Bail Reform Act, 18 U.S.C. § 3143, and Fed. R. Crim. P. 5(d)(3) on March 18, 2021 and determined that detention is appropriate because no condition or combination of conditions will reasonably assure the defendant's appearance for proceedings in the District of Oregon.

The defendant stands convicted in the United States District Court for the District of Oregon with Possession with intent to Distribute Methamphetamine. Dkt. 1. Under Fed. R. Crim. P. 5(c)(2), (3), and 5(d), Mr. Sharma was arrested in Washington State and was brought to the United States District Court for the Western District of Washington for an initial appearance on March 18, 2021. Dkt. 4. Mr. Sharma waived the Fed. R. Crim. P. 5(c)(3) hearing to determine identity, and consented to be transferred; the Court ordered his transfer to Oregon. Dkt. 6, 7.

Under Fed. R. Crim. P. 5(c),(d), it is important for the Court in the arresting jurisdiction to consider the interests of the charging jurisdiction; in this matter, interests of The United States District Court for the District of Oregon in following up to ensure the defendant appears for proceedings in that Court, are considered. *United States v. Dominguez,* 783 F.2d 702, 704-05 (7th Cir. 1986); *United States v. Savader,* 944 F. Supp. 2d 209, 213-215 (E.D.N.Y. 2013).

A presumption of detention applies in Mr. Sharma's situation, because the Court

is required by 18 U.S.C. § 3143 to apply the presumption of detention concerning the detention of a defendant who is convicted and awaiting imposition of sentence (in this case, imposition of potential sanctions for failing to comply with terms of supervised release). Dkt. 1.

      Mr. Sharma has entered a stipulation to detention pending transfer. Regarding risk of flight, the allegations concerning his violations of supervised release indicate that he failed to notify the probation officer of a change in residence – he left his housing, where he was maintaining residence in a clean and sober facility. Dkt. 1 at 1-2. The U.S. Probation report also alleges that Mr. Sharma removed his location monitoring device. Dkt. 1 at 2. This shows that Mr. Sharma would likely be an extreme flight risk and he also presents a serious risk of failure to appear if released on supervision.

      The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for transfer to the United States District Court for the District of Oregon, and for the purpose of an appearance in connection with a court proceeding.

March 19, 2021

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge